UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASIAN FOOD SERVICE, INC.,

      Plaintiff,                                                 No. 18-13454

v.                                                         Honorable Nancy G. Edmunds

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA,

      Defendant.
_____/

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUBSTITUTED SERVICE [17]**

The matter is before the Court on Defendant's motion for substituted service of a deposition subpoena upon non-party witness Kurt Orr. (Dkt. 17.) Defendant requests that the Court permit Defendant to serve a deposition subpoena upon Mr. Orr by physically tacking and posting the subpoena on the door of Mr. Orr's business and home address, mailing the subpoena by U.S. mail to that same address, and mailing the subpoena by certified mail, return receipt requested to that same address. Plaintiff did not file a response to the motion. For the reasons set forth below, the Court GRANTS Defendant's motion.

**I.    Background**

Plaintiff filed this breach of insurance contract suit in state court, but Defendant removed it to this Court. (Dkt. 1.) Plaintiff alleges that Defendant failed to pay all compensable damages arising out of a fire that occurred in its business. (*Id.* at PgID 8-9.) After the fire, Plaintiff had retained the services of Prime Adjusting Service, which

1

operates thru James and Kurt Orr, to assist Plaintiff in estimating the amount of loss as a result of the fire and filing a claim against Defendant for recovery of that amount. (*See* dkt. 17-2.) Defendant retained the services of a process server to personally serve Mr. Kurt Orr with a deposition subpoena. (Dkt. 17-4.) However, despite three attempts at personal service, the process server was unable to effectuate service. (*Id.*) Defendant now asks the Court to permit it to serve Mr. Orr using the proposed alternate means.

**II.      Legal Standard**

Federal Rule of Civil Procedure 45 governs subpoenas. Rule 45(b)(1) states that "serving a subpoena requires delivering a copy to the named person." While some courts have held that this provision of Rule 45 requires personal service, other courts have held that it does not. *See Oceanfirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 753-54 (E.D. Mich. 2011) (citing cases). Most of the judges in this district that have considered the issue agree that Rule 45 allows service of a subpoena by alternate means. *See, e.g.*, *id.* at 754 (finding support for this position in the text of rule); *see also Stallworth v. City of Pleasant Ridge*, No. 16-10696, 2017 U.S. Dist. LEXIS 39986, at *4-5 (E.D. Mich. Mar. 21, 2017); *Franklin v. State Farm Fire & Cas. Co.*, No. 09-10947, 2009 U.S. Dist. LEXIS 90687, at *4 (E.D. Mich. Sept. 30, 2009); *Halawani v. Wolfenbarger*, No. 07-15483, 2008 U.S. Dist. LEXIS 100482, at *9 (E.D. Mich. Dec. 10, 2008). However, the party seeking to serve a subpoena by alternate means must first "demonstrate[] an inability to effectuate [personal] service after a diligent effort." *Oceanfirst Bank*, 794 F. Supp. 2d at 754. Moreover, "[t]he alternate means must be reasonably calculated to achieve actual delivery." *Id.*

**III.    Analysis**

Here, according to the process server's affidavit of non-service, the process server attempted to serve the deposition subpoena on Mr. Orr three times at the occupied residential home found at 15146 Sylvia Court, Sterling Heights, MI 48312. (Dkt. 17-4.) Defendant has filed documents related to the adjustment of the fire loss that indicate this is also the physical address for Prime Adjusting Service. (*See* dkt. 17-5, PgID 151.) The service attempts were made at varying times throughout the day; one attempt was on the weekend and two were on weekdays. (Dkt. 17-4.) During the second attempt, the process server heard movement and voices from within the home, but there was no answer at the door. (*Id.*) The process server also left a return call card during the second attempt, but nobody called him. (*Id.*)

Based on these facts, the Court finds that Defendant has diligently attempted to personally serve the deposition subpoena on Mr. Orr with no success. Moreover, the alternate method of service set forth by Defendant is "reasonably calculated to achieve actual delivery" of the subpoena. *See Oceanfirst*, 794 F. Supp. 2d at 754 ("[m]ailing by first-class mail to the actual address of the intended recipient generally will suffice, especially when the mailing is accompanied by posting at the known address of the prospective witness"). Accordingly, the Court grants Defendant's motion for substituted service.

**IV.    Conclusion**

For the reasons set forth above, Defendant's motion for substituted service is GRANTED. Defendant may serve the deposition subpoena on Mr. Orr by 1) physically tacking and posting the deposition subpoena on the door of 15146 Sylvia Court, Sterling

Heights, MI 48132; 2) mailing the deposition subpoena by U.S. mail to that same address; and c) mailing the deposition by certified mail, return receipt requested to that same address.

SO ORDERED.

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: January 15, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 15, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett  
Case Manager